An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-762

Filed 5 August 2026

Iredell County, Nos. 23JT000194-480, 23JT000195-480, 23JT000196-480

IN THE MATTER OF: M.T., C.T., L.T.

Appeal by Respondent-Mother from orders entered 12 May 2025 by Judge Thomas R. Young in Iredell County District Court. Heard in the Court of Appeals 21 July 2026.

> *Lauren Vaughan for Petitioner-Appellee Iredell County Department of Social Services.*

> *Parent Defender Annick Lenoir-Peek, by Assistant Parent Defender Benjamin J. Kull, for Respondent-Appellant Mother.*

> *No brief filed for Guardian ad Litem.*

COLLINS, Judge.

Mother appeals from the trial court's orders collectively terminating her parental rights to her children under N.C. Gen. Stat. §§ 7B-1111(a)(1), (2), and (3). Mother argues that she received ineffective assistance of counsel because her trial counsel failed to inform her of the termination hearing date, and she therefore was absent from the hearing. For the reasons stated herein, we affirm.

## I.    Background

Mother is the biological mother of Molly, Lillie, and Caleb.[1]  The Iredell County Department of Social Services ("DSS") filed petitions on 28 July 2023, alleging that Molly and Lillie were neglected and Caleb was abused and neglected.  The trial court subsequently entered an order adjudicating Molly and Lillie neglected and Caleb abused and neglected.

DSS filed petitions to terminate Mother's parental rights on 3 February 2025, alleging under N.C. Gen. Stat. § 7B-1111(a)(1) that she neglected Molly and Lillie and abused and neglected Caleb; under N.C. Gen. Stat. § 7B-1111(a)(2) that she willfully left the children in placement outside the home for more than twelve months without showing reasonable progress in correcting the conditions which led to their removal; and under N.C. Gen. Stat. § 7B-1111(a)(3) that she willfully failed to pay a reasonable portion of the children's cost of care during the six months immediately preceding the filing of the petitions.

DSS filed a notice of hearing for the petitions on 2 April 2025 and served Mother with the notice at her last known address of 230 Wildwood Circle in Taylorsville, North Carolina.  DSS also served Mother's attorney with the notice of hearing.

---

[1] We use pseudonyms to protect the identities of the minor children.

The trial court held a termination of parental rights hearing on the petitions on 22 April 2025; Mother was not present. After the hearing, the trial court entered an adjudication order finding that grounds existed to terminate Mother's parental rights under N.C. Gen. Stat. §§ 7B-1111(a)(1), (2), and (3), and a disposition order terminating her parental rights. Mother appealed to this Court.

While her appeal was pending, but before her opening brief was filed, Mother filed a Rule 60(b) motion in the trial court on 19 November 2025, seeking to set aside the order terminating her parental rights. Mother alleged that DSS mailed a copy of the notice of the termination hearing "at a 'l/k/a' (*i.e.*, last known address) of 230 Wildwood Circle, Taylorsville, NC 28681 on 2 April 2025"; "DSS had a multitude of reasons to know that this was <u>not</u> a valid address for [Mother]"; Mother "did not receive actual notice of the hearing"; and "[t]he lack of proper service" of the hearing notice on Mother "failed to afford her notice and an opportunity to be heard and renders the Order terminating her parental rights in this matter null and void." This Court subsequently entered an order remanding the matter to the trial court to conduct an evidentiary hearing on the Rule 60(b) motion and directing the court to indicate what action it would take were an appeal not pending before this Court. Following a hearing, the trial court entered an order finding as follows:

> The [c]ourt notes that not only was the attorney for the Respondent/Appellant Mother served with Notice of the termination of parental rights proceeding but also that the Mother was also served at her last known address of 230 Wildewood [sic] Circle, Taylorsville, North Carolina. This

service took place on April 2, 2025, only 55 days later than the date she was served at the 230 Wildwood Circle address. This address was the only current address, and the only last known address that the Respondent/Appellant had during the pendency of the termination of parental rights action. Even more compelling, beyond the already satisfactory service of the Notice . . . on the [M]other's attorney and upon the Respondent/Appellant Mother, the Petitioner/Appellee also filed a copy of the Notice with the clerk, which is proper if the address of a party is truly unknown. It then appears that on three counts the Respondent/Appellant Mother's argument[s] are without merit since her attorney was served, she was properly served, and if all else failed, a copy of the Notice was on file with the Clerk of Superior Court which, if consulted, could have advised the Respondent/Appellant Mother when her termination of parental rights hearing was to take place.

The court thus concluded that Mother failed to establish a claim for relief pursuant to under Rule 60(b)(6) and indicated that it would deny the motion were an appeal not pending before this Court.

## II.    Discussion

Mother's sole argument on appeal is that she "received ineffective assistance of counsel because her attorney never informed her of the date of the termination of parental rights hearing, which she then missed." Mother does not challenge the trial court's findings or conclusions in its order indicating that it would deny her Rule 60(b) relief.

"Parents have a right to counsel in all proceedings dedicated to the termination of parental rights." *In re L.C.*, 181 N.C. App. 278, 282 (2007) (quotation marks and

- 4 -

citations omitted). "This right includes the right to effective assistance of counsel." *Id.* (citation omitted). "To prevail on a claim of ineffective assistance of counsel, respondent must show that counsel's performance was deficient and the deficiency was so serious as to deprive her of a fair hearing." *In re T.N.C.*, 375 N.C. 849, 854 (2020) (quotation marks and citations omitted). "To make the latter showing, the respondent must prove that there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *In re M.B.S.*, 296 N.C. App. 56, 59 (2024) (quotation marks and citation omitted).

Even assuming counsel's performance was deficient, Mother has failed to demonstrate that the deficiency was so serious as to deprive her of a fair hearing. Mother has not challenged the trial court's following findings of fact: she was "served at her last known address of 230 Wildewood [sic] Circle, Taylorsville, North Carolina . . . on April 2, 2025"; "[t]his address was the only current address, and the only last known address that [Mother] had during the pendency of the termination of parental rights action"; "Petitioner/Appellee also filed a copy of the Notice with the clerk, which is proper if the address of a party is truly unknown"; and "a copy of the Notice was on file with the Clerk of Superior Court which, if consulted, could have advised . . . Mother when her termination of parental rights hearing was to take place." Furthermore, Mother has not challenged the trial court's findings of fact or conclusions of law that grounds for termination exist under N.C. Gen. Stat. §§ 7B-1111(a)(1), (2), and (3), or that the termination was in the children's best

interests. Accordingly, Mother has failed to argue, and therefore cannot show, that there is a reasonable probability that, but for counsel's alleged errors, there would have been a different result in the proceedings.

### III. Conclusion

As Mother has failed to show that there is a reasonable probability that, but for counsel's alleged errors, there would have been a different result in the proceedings, she cannot prevail on her ineffective assistance of counsel claim. We therefore affirm the trial court's orders collectively terminating Mother's parental rights.

AFFIRMED.

Judges ARROWOOD and MURRY concur.

Report per Rule 30(e).